IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CANDY BOWERS and STEPHEN J. BOWERS,** | : 1:05-CV-02619 |
| **Plaintiffs** | : JUDGE SYLVIA H. RAMBO |
| v. | : |
| **WILLIAM BEDWELL and AMERICANA, INC.,** | : |
| **Defendants** | : |

## **M E M O R A N D U M**

      This action is to determine the question of negligence with respect to an automobile accident involving a tractor-trailer and a passenger van.  Defendants move for summary judgment, arguing that the driver of the tractor-trailer was not negligent as a matter of law.  Plaintiffs have shown sufficient evidence to create genuine issues of material fact about the events surrounding the accident.  Accordingly, the court will deny Defendants' motion.

**I.**      **Background**

      **A.**    **Facts**

      On June 24, 2004, a passenger van driven by Plaintiff Candy Bowers[1] collided with a tractor-trailer under the control of Defendant William Bedwell.[2]  The accident occurred on the entrance ramp to U.S. Highway 15, southbound, from

---

[1] Candy Bowers and her husband, Stephen J. Bowers, are joint plaintiffs in this case.  For purposes of this opinion, "Plaintiff" refers to Candy Bowers.

[2] William Bedwell and his employer, Americana, Inc., are joint defendants in this case.  For purposes of this opinion, "Defendant" refers to William Bedwell.

Route 116 in Adams County, Pennsylvania.  (Bedwell Dep. 27:13-28:20, July 14, 2006.)  The events leading to the collision are disputed by the parties.  The court will present first the facts alleged by Defendant, then the facts alleged by Plaintiff.

### 1.    **Facts from Defendant**

As Defendant turned on to the entrance ramp from Route 116, he heard a thumping sound coming from the tractor-trailer.  (*Id.* at 30:18-19.)  He decided to investigate the noise before continuing on his journey.  (*Id.* at 30:20-22.)  He activated his right turn signal and pulled over to the side of the road.  (*Id.* at 30:21-23.)  He wanted to pull off of the roadway as far as possible in case repairs were required.  (*Id.* at 35:13-17.)  After he pulled off and stopped, Defendant set his parking brake.  (*Id.* at 31:9-10.)  The brake lights of the tractor-trailer may have been on (*id.* at 44:22-45:3), but it is uncertain whether its hazard lights were flashing (*id.* at 45:4-14; Becker Dep. 12:3-12, May 11, 2006; Denisch Dep. 44:10-15, May 11, 2006).  About thirty seconds after he stopped the tractor-trailer, Defendant heard the crash that was Plaintiff's van hitting the back of the trailer.  (Bedwell Dep. 31:11-15.)

Immediately before the accident, eyewitness Bradley Becker was driving a few car-lengths behind Plaintiff on the ramp from Route 116 to Highway 15.  (Becker Dep. 8:7-9; 9:23-10:3; 39:19-40:3.)  Plaintiff was driving in the middle of the ramp ahead of Becker, fully straight in the lane.  (*Id.* at 39:19-25.)  Suddenly, Plaintiff's van "veered off rather sharply to the right into the back of the . . . tractor-trailer." (*Id.* at 10:13-16; 13:5-18.)  According to Becker, the tractor-trailer was completely removed from the lane of travel and stopped on the side of the road at the time of the accident.  (*Id.* at 11:5-8; 11:16-18.)  A photograph taken after the

accident shows that the tractor-trailer is outside of the traveled roadway.  (Defs.' Ex. E at 2, top photo.)  The vehicle is stopped outside the white line demarcating the right-hand boundary of the lane of travel.  (*Id.*)  Becker confirmed that the photograph was taken before the tractor-trailer or the van were moved from their positions at the time of the accident.  (Becker Dep. at 19:3-8.)

### 2.   **Facts from Plaintiff**

Plaintiff made a left-hand turn from Route 116 onto the entrance ramp to Highway 15.  (Bowers Dep. 34:21-25, June 21, 2006.)  Once she straightened out on the ramp, she saw the tractor-trailer.  (*Id.* at 39:2-41:16.)  She was traveling at a steady rate of speed as she approached the rear of the trailer.  (*Id.* at 43:6-16.)  She thought that the tractor-trailer was moving because its brake lights were not on (*id.* at 43:24-44:8.) and its hazard lights were not flashing (*id.* at 43:17-44:6).  She thought that it had made a wide left-hand turn on to the entrance ramp, crossing over the right-hand white line, and was pulling back to the left to straighten into the lane of travel.  (*Id.* at 43:17-46:7.)  Moreover, she saw the tractor-trailer situated "halfway on the road," as she approached, not completely pulled over to the shoulder.[3]  (*Id.* at 44:6-15.)

Plaintiff decided that she would not be able to stop before reaching the tractor-trailer.  (*Id.* at 43:19-44:2; 48:7-12.)  She attempted to keep her rate of speed steady and pass the tractor-trailer on the right.  (*Id.* at 47:14-48:11.)  Initially, she thought that by steadily moving to the right, she would make it around the tractor-

---

[3]When Plaintiff reviewed the photographs of the accident scene, she acknowledged that they showed that the tractor-trailer was entirely outside the white line that delineates the lane of travel, rather than in the roadway itself.  (*Id.* 53:4-8.)  She did not have an independent recollection of whether the vehicles were in the same position at impact as they are shown in the photographs.  (*Id.* 45:2-61:19.)

trailer and avoid hitting it entirely.  (*Id.* at 46:3-7.)  She realized, at the last minute, that the tractor-trailer was stopped, not moving forward.  (*Id.* at 46:3-7.)  She could not stop the van in time, however, and collided with the driver's side rear corner of the trailer.  (*Id.* at 48:1-6.)  She contends that if the brake lights or the emergency flashers on the trailer had been on, she would have seen that the vehicle was stopped and avoided the accident.  (*Id.* at 63:1-2.)

### B. Procedural History

Plaintiffs filed suit on December 19, 2005.  (Doc. 1.)  By order of this court, the case was sent to mediation on March 7, 2006.  (Doc. 13.)  It was removed from the mediation program on March 23, 2006.  (Doc. 14.)  Defendants filed a motion for summary judgment (Doc. 15) and supporting brief (Doc. 16) on September 14, 2006.  Plaintiffs filed an opposition brief (Doc. 21) on October 5, 2006.  Defendants filed a reply brief (Doc. 24) on October 10, 2006.  The matter is ripe for disposition.

## II. Legal Standard — Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party may discharge its burden of showing the absence of a genuine issue of material fact by demonstrating that the nonmoving party has put forth no evidence to support its case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

The party opposing summary judgment "may not rest upon the mere allegations or denials of [its] pleading." Fed. R. Civ. P. 56(e). It "must set forth specific facts showing that there is a genuine issue for trial." *Id.* The adverse party may use its own deposition to show the specific material facts at issue. *Celotex Corp.*, 477 U.S. at 324. The nonmoving party's allegations and claims must be taken as true, even if they conflict with those of the moving party. *Bushman v. Halm*, 798 F.2d 651, 656 (3d Cir. 1986). Further, the court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *J.F. Feeser, Inc. v. Serv-a-Portion, Inc.*, 909 F.2d 1524, 1531 (3d Cir. 1990).

At the summary judgment stage, the function of the judge "is not [her]self to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). Stated another way, the judge should decide "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.* at 252. There is no genuine issue for trial if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Similarly, the function of the court on summary judgment is not to assume the role of the jury and weigh the credibility of the witnesses. *Bushman*, 798 F.2d at 660. "Cases that turn crucially on the credibility of witnesses' testimony in particular should not be resolved on summary judgment." *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999) (reserving for the jury

conclusions about the credibility of inconsistent testimony and physical evidence). Evidence from the nonmoving party must be deemed credible at the summary judgment stage. *J.F. Feeser, Inc.*, 909 F.2d at 1531.

Material facts that preclude summary judgment are those that might affect the outcome of the suit under the governing substantive law. *Anderson*, 477 U.S. at 248. Summary judgment is thus proper against a plaintiff who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. A genuine dispute over material fact arises when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The nonmoving party must show that "sufficient evidence supporting the claimed factual dispute . . . require[s] a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.* at 249 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Evidence that is merely colorable or not significantly probative is not sufficient to survive a motion to dismiss. *Anderson*, 477 U.S. at 249. Similarly, allegations unsupported by the evidence do not satisfy the burden of the nonmoving party. *Ridgewood Bd. of Educ. v. N.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The nonmoving party must present evidence that amounts to more than a scintilla of evidence, but need not produce a preponderance. *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1990).

Negligence issues are properly reserved for the jury. *Clack v. Commonwealth*, 710 A.2d 148, 151 (Pa. Commw. Ct. 1998); *see also Stanchis v. Hess Oil & Chem. Co.*, 403 F.2d 24, 25 (3d Cir. 1968) (affirming propriety of

leaving for the jury the issue of contributory negligence).  "[W]here the evidence on an essential element of plaintiff's claim is in dispute and could lead to two permissible inferences in favor of either party, the issue of causation is appropriately resolved by the trier of fact," not the judge at the summary judgment stage. *Bushman*, 798 F.2d at 661.

### III.     Discussion

#### A.     Negligence

The substantive law on negligence in Pennsylvania dictates which facts are material to a case and which facts are immaterial.  To state a claim for negligence, a plaintiff must show that 1) the defendant had a duty to conform to a particular standard of conduct to protect the plaintiff against unreasonable risk; 2) the defendant breached that duty; 3) there was a causal connection between the defendant's breach and the plaintiff's resulting injury; and 4) the plaintiff incurred actual loss or damage as a result of the defendant's breach.  *R.W. v. Manzek*, 888 A.2d 740, 746 (Pa. 2005).  The plaintiff must also show that her own negligence in causing the injury was "not greater than the causal negligence of the defendant."  42 Pa. Cons. Stat. Ann. § 7102(a).  Duty and causation are the contested elements on this motion for summary judgment.

##### 1.     Duty

The Pennsylvania Vehicle Code provides the duties that a driver owes to other motorists and to the public.  *Petrole v. George A. Fetter, Inc.*, 411 F.2d 5, 7 (3d Cir. 1969).  The statutory standard of conduct implicated by the present facts governs stopping, standing, and parking vehicles outside a business or residence district.

As a general rule, a driver may not stop a vehicle on the roadway, consisting of the lane or lanes of travel, when it is possible to stop the vehicle outside of the roadway. 75 Pa. Cons. Stat. Ann. § 3351(a). If it is not possible to remove the vehicle from the roadway, the driver must activate the simultaneously flashing front and rear lights to alert other drivers on the road to the hazard created by the stopped vehicle. § 4305(a). A driver owes a greater duty of care to the public when he is operating a commercial vehicle that is stopped or disabled on a roadway or shoulder of the road. *See* § 4530(b); 67 Pa. Code § 167.8. First, he must "immediately" engage the flashing front and rear signal lamps, or hazard lights, and keep them on until he places portable warning devices — like flares or reflective triangles — in the road. 67 Pa. Code § 167.8(a). The flashing signals must be activated any time the vehicle is stopped, even if portable warning devices are not deployed. *Id.*

### 2. Causation

A plaintiff must adduce evidence showing that the defendant's breach of duty was the cause-in-fact and proximate cause of her injuries. *Feeney v. Disston Manor Personal Care Home, Inc.*, 849 A.2d 590, 594 (Pa. Super. Ct. 2004). Cause-in-fact is demonstrated when but for the defendant's negligent act, the accident would not have taken place. *Hittle v. Scripto-Tokai Corp.*, 166 F. Supp. 2d 142, 154 (M.D. Pa. 2001). Proximate cause is proved when the defendant's negligent conduct was a substantial factor in bringing about the plaintiff's injury or loss. *Mike v. Borough of Aliquippa*, 421 A.2d 251, 256 (Pa. Super. Ct. 1980) (citing *Whitner v. Von Hintz*, 263 A.2d 889 (Pa. 1970)). The court may decide the issue of proximate cause when the defendant's negligence "was so remote that, as a matter of law, he

cannot be held legally responsible for harm which subsequently occurred." *Novak v. Jeannette Dist. Mem. Hosp.*, 600 A.2d 616, 618 (Pa. Super. Ct. 1991). But when reasonable minds can differ on the issue, determining whether the defendant's conduct was a substantial factor in causing the plaintiff's injury is a question of fact for a jury. *Rabutino v. Freedom State Realty Co.*, 809 A.2d 933, 941 (Pa. Super. Ct. 2002).

The plaintiff's own negligence in causing the accident must not be greater than the negligence of the defendant. 42 Pa. Cons. Stat. Ann. § 7102(a); *Peair v. Home Ass'n of Enola Legion No. 751*, 430 A.2d 665, 668 (Pa. Super. Ct. 1981). A plaintiff whose negligence contributed to the accident will recover from the defendant, but "any damages sustained by the plaintiff shall be diminished in proportion to the amount negligence attributed to [her.]" § 7102(a). If the plaintiff was more negligent than the defendant, she may not recover for her injuries. *Id.* When the plaintiff's negligence is in issue, the issue of apportionment of negligence should be reserved for the jury. *Peair*, 430 A.2d at 669.

### B. Analysis

The dispositive cause of action on this motion for summary judgment is Plaintiff's claim of negligence against Defendant. The three additional causes of action at stake are derivative of the primary negligence claim; they are negligence liability against Defendant Americana, Inc., under *respondeat superior*, and a loss of consortium claim against each defendant by Plaintiff Stephen J. Bowers. Each of the four claims depend on the determination of whether Defendant Bedwell was negligent and whether Plaintiff Candy Bowers herself was negligent.

There are genuine issues of material fact in this case regarding the course of events leading to the accident. Defendant argues that Plaintiff has put forth no evidence to support her case (Doc. 16 at 5), thus summary judgment is proper under *Celotex Corp.*, 477 U.S. at 325. Plaintiff, however, does not rely on mere allegations to support her case. She has offered direct evidence of Defendant Bedwell's negligence by her deposition testimony, satisfying her burden under Federal Rule 56(e) and *Celotex Corp.* As Plaintiff is the nonmoving party at summary judgment, the court must take her version of events as true, *Bushman*, 798 F.2d at 656, and draw all reasonable inferences in her favor, *Matsushita Electric Industrial Co.*, 475 U.S. at 587.

At this stage of litigation, *Anderson* and *Bushman* dictate, this court may not act as the factfinder and weigh the evidence presented by the parties or determine the credibility of the witnesses. 477 U.S. at 249, 252; 798 F.2d at 660. Instead, the court will leave to a jury the task of deciding whose evidence to believe. For now, the court will give due credit to the facts alleged by Plaintiff, the nonmoving party on this motion.

Accordingly, the facts as stated by Plaintiff are material under the substantive governing law of Pennsylvania and are genuinely in dispute by the parties here. Plaintiff has testified to facts that support every element of a negligence claim under *Manzek*, 888 A.2d at 746. The facts support a finding that Defendant Bedwell owed her a duty to protect her against unreasonable risk by activating his hazard lights "immediately" upon realizing that something was wrong with the tractor-trailer to increase his visibility to oncoming traffic. This is true even if he then pulled completely off to the shoulder of the road.

Similarly, Plaintiff has offered direct evidence, which the court must credit, that negligent acts by Defendant were the cause-in-fact and proximate cause of Plaintiff's injuries. But for Defendant's failure to activate his hazard lights immediately upon realizing something wrong with the tractor-trailer, Plaintiff may have realized that he was stopped, and the accident may have been averted. The same evidence supports finding that Plaintiff's injuries were proximately caused by Defendant's failure to engage his lights. *Mike*, 421 A.2d at 256. Accepting Plaintiff's contentions as true, reasonable minds can differ on the causation question. The decision must be left to a jury under *Rabutino*.

Further, Plaintiff's own negligence is in issue. Defendants state an affirmative defense to Plaintiff's allegations that her claims in the present case are the direct result of her failure to exercise reasonable care under the circumstances. (Doc. 6 at 5.) Following *Peair*, this court will reserve the issue of comparative negligence for the jury. Although the evidence presented may mitigate in favor the version of the facts put forth by Defendants, summary judgment is not the proper mechanism to decide the factual issues in a cause of action for negligence.

## IV.     Conclusion

For the foregoing reasons, the court will deny Defendants' motion for summary judgment. An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: October 31, 2006.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CANDY BOWERS and STEPHEN J. POWERS,** | **1:05-CV-02619** |
| **Plaintiffs** | **JUDGE SYLVIA H. RAMBO** |
| v. | |
| **WILLIAM BEDWELL and AMERICANA, INC.,** | |
| **Defendants** | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Defendants' motion for summary judgment is **DENIED**; and

2) This case will proceed on the deadlines established by the Case Management Order dated March 9, 2006 (Doc. 13).

                                                    s/Sylvia H. Rambo
                                                    SYLVIA H. RAMBO
                                                    United States District Judge

Dated: October 31, 2006.